

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | **20 CV 7628** |
| Plaintiff, | Civil Action No. |
| v. | |
| ADAM P. ROGAS, | |
| Defendant, | |
| and | |
| NS8 FP, LLC, MVP 2020, LLC, AND ROGASSI ENTERPRISES, LLC | |
| Relief Defendants. | |

## PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S NOTICE OF MOTION AND *EX PARTE* EMERGENCY MOTION FOR ASSET FREEZE, ORDER TO SHOW CAUSE, AND OTHER RELIEF

Plaintiff, the United States Securities and Exchange Commission, hereby moves the Court, on an *ex parte* emergency basis, for an order freezing assets and for other emergency relief, including an order to show cause, against Defendant Adam Rogas and Relief Defendants NS8 FP, LLC, MVP 2020, LLC, and Rogassi Enterprises, LLC in order to prevent further misappropriation of investor funds and provide a corpus for returning investor funds to investors.

This motion is made pursuant to Rule 65 of the Federal Rules of Civil Procedure, Sections 20(b) and 20(d)(1) of the Securities Act of 1933 [15 U.S.C. §§ 77t(b) and 77t(d)(1)], and Section 21(d)(1) of the Securities Exchange Act of 1934 [15 U.S.C. § 78u(d)(1)], and is supported by the Commission's Complaint; a Proposed Order; a Declaration of Gregory A.

Kasper pursuant to Rule 6.1; and a Memorandum of Law, accompanied by the Declarations of Eric Day, with attached exhibits.

The SEC seeks an Order: (1) freezing $35,084,900 of funds, including those funds in certain enumerated accounts, and other assets of Defendant and Relief Defendants, wherever located; (2) requiring Defendant and Relief Defendants to provide accountings of all funds or other assets received in 2020 through an equity redemption of NS8, Inc. securities and any other funds received or obtained from any NS8 investor at any time; (3) prohibiting the destruction or alteration of documents; (4) providing for expedited discovery; (5) providing alternative service by the Commission; and (6) setting this matter for a further hearing to allow Defendant and Relief Defendants to appear and show cause why the asset freeze should not remain in place pending final resolution of this matter.

The Commission is concerned that, if Defendant or Relief Defendants become aware of this action before the asset freeze is instituted, they will have an opportunity to transfer or otherwise dissipate Rogas's ill-gotten gains. Accordingly, pursuant to Federal Rule of Civil Procedure 65(b) and Local Rule 6.1, counsel for the Commission has certified in the attached declaration that no efforts have been made to give notice to or confer with Rogas or the Relief Defendants.

For the reasons stated above and in its supporting memorandum of law, the Commission respectfully requests that its motion for emergency relief be granted and that the Court issue an Order in the form attached to this motion.

Dated: September 14, 2020

Respectfully submitted,

*/s/ Gregory A. Kasper*

Gregory A. Kasper
Polly Atkinson*
Attorney for Plaintiff
U.S. Securities and Exchange Commission
1961 Stout Street, Suite 1700
Denver, CO 80294-1961
(303) 844-1026
(303) 844-1046 (Atkinson)
KasperG@SEC.gov
AtkinsonP@SEC.gov

*Motion for *Pro Hac Vice* Pending

3