UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>                Plaintiff,<br><br>      v.<br><br>ADAM P. ROGAS,<br><br>                Defendant,<br><br>and<br><br>NS8 FP, LLC, MVP 2020, LLC, AND ROGASSI ENTERPRISES, LLC<br><br>                Relief Defendants. | 20 CV 7628<br><br>Civil Action No. |

[~~PROPOSED~~]
## ASSET FREEZE AND ORDER GRANTING OTHER EMERGENCY RELIEF AND SETTING HEARING

Plaintiff United States Securities and Exchange Commission has filed an emergency motion for an *ex parte* Order: (1) freezing $$35,084,900 of funds and other assets of Defendant Adam Rogas and Relief Defendants NS8 FP, LLC, MVP 2020, LLC, and Rogassi Enterprises, LLC, wherever located; (2) requiring Defendant and Relief Defendants to provide accountings of all funds or other assets received in June 2020 through an equity redemption of NS8, Inc. securities; (3) prohibiting the destruction or alteration of documents; (4) providing for expedited discovery; (5) providing alternative service by the Commission; and (6) setting this matter for a further hearing.

The Court has considered the record of this case, including the Complaint in this action; Plaintiff's Application for an Order Granting an *Ex Parte* Asset Freeze and Other Emergency

Relief; a Memorandum of Law in Support of the Application, together with the Declaration of Eric Day, and the attached exhibits; and the Certification of Counsel pursuant to Federal Rule of Civil Procedure 65(b).

Based on the record, the Court finds:

1. This Court has jurisdiction over the subject matter of this action and over Defendant and Relief Defendants.

2. The Commission has made a sufficient and proper showing in support of the relief granted herein, as required by Sections 20(b) and 20(d)(1) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77t(b) and 77t(d)(1)], and Section 21(d)(1) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78u(d)(1)].

3. There is good cause to believe that, unless funds and assets are frozen by order of this Court, the Defendant and Relief Defendants will dissipate, conceal, or transfer from the jurisdiction of this Court assets that could be subject to an order directing disgorgement or the payment of civil money penalties in this action.

4. There is good cause to believe that, unless ordered by this Court, Defendant may alter or destroy documents relevant to this action.

5. There is good cause to believe that an immediate accounting is necessary to identify the source, location, and use of funds misappropriated from investors.

6. There is good cause to believe that expedited discovery and alternative means of service are warranted.

7. Pursuant to Fed. R. Civ. P. 65(b), this Court specifically finds that there is a likelihood of irreparable injury to investors unless this order is issued *ex parte*.

8. Based on these and other facts alleged by the Commission, there is good cause to believe that Defendant and Relief Defendants will dispose of, dissipate, or remove investor funds and assets from the jurisdiction of the Court. Such dissipation of investor funds and assets would constitute irreparable harm to investors. To avoid this irreparable harm, it is appropriate for the Court to issue this Order *ex parte* so that prompt service on appropriate financial institutions and persons acting in concert with or directing the activities of Defendant and Relief Defendants can be made, thus preventing the dissipation of investor funds.

Now, therefore,

## I.

IT IS HEREBY ORDERED that, pending further action by this Court:

A. $35,084,900 of assets, funds, or other property of Defendant Adam Rogas and Relief Defendants NS8 FP, LLC, MVP 2020, LLC, and Rogassi Enterprises, LLC, wherever located or by whomever held, and whether acquired before or after institution of this action, are frozen;

B. Defendant, Relief Defendants, and their officers, directors, successor corporations, subsidiaries, affiliates, trustees, family members, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, shall hold and retain within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever of any of their funds or other assets or things of value presently held by them, under their control or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located, up to $$35,084,900; and

C. Any bank, financial or brokerage institution or other person or entity holding any funds, securities or other assets in the name of, for the benefit of, or under the control of Defendant Adam Rogas and Relief Defendants NS8 FP, LLC, MVP 2020, LLC, and Rogassi Enterprises, LLC, and their officers, directors, successor corporations, subsidiaries, affiliates, trustees, family members, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them, shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets. This Order specifically applies, but is not limited, to the following accounts:

| Institution Name | Account Name | Account Number |
|---|---|---|
| Bank of America, N.A. | Unknown | xxxx xxxx 8288 |
| Bank of America, N.A. | Unknown | xxxx xxxx 7349 |
| Silicon Valley Bank | Adam Rogas | xxxxxx9397 |
| Silicon Valley Bank | Adam Rogas | xxxxxx3309 |
| National Financial Services, LL | Adam Rogas | unknown |

D. No person or entity, including the Defendant or any Relief Defendant, or any creditor or claimant against the Defendant or any Relief Defendant, or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the asset freeze, including, but not limited to, the filing of any lawsuits, liens, or encumbrances, or bankruptcy cases to impact the property and assets subject to this order; provided, however, that any party or non-party may seek leave from this order upon a proper showing.

E. Copies of this Order may be served by any means, including facsimile transmission and email, upon any entity or person that may have possession, custody, or control of any assets of Defendant or Relief Defendants that may be subject to any provision of this Order.

**II.**

IT IS HEREBY FURTHER ORDERED that the Commission may file Notices of *Lis Pendens*, or any similar document that has the effect of clouding title, on all pieces of real property in which the Defendant or Relief Defendants have an interest that is known to the Commission. Should the Defendant or Relief Defendants wish to sell any piece of real property in which he has an interest, he shall give counsel for the Commission notice of the proposed sale and seek and obtain the concurrence of the Court in the transaction prior to the sale. The Defendant or Relief Defendant shall fully account for any proceeds received from the sale of such property to the Court and counsel for the Commission, and the proceeds of such sales shall be frozen pursuant to the provisions of this Order and submitted to the registry of the Court; and the Defendant and Relief Defendants are hereby prohibited from further encumbering their interests in any real or personal property by means of pledging it for collateral for any purpose or by allowing it to secure any obligation. This order applies, but is not limited, to the following property:

9813 Moon Valley Pl, Las Vegas, NV 89134-6738

**III.**

IT IS HEREBY FURTHER ORDERED that Defendant and each Relief Defendant shall, within **five business days** of the service of this order, file with this Court, and serve on the Commission, at the address of its counsel of record, a sworn accounting of:

A. The current locations of all funds or other assets received in June 2020 through an equity redemption of NS8, Inc. securities; the disposition of any such funds or other assets including the date, amount, recipient and purpose of each disbursement; and the location, title and account numbers at any financial institution to which any such funds have been transferred;

B. Any other funds received or obtained by Defendant or the Relief Defendant from any NS8 investor, specifying the investor from whom the funds were received or obtained; the date(s) such funds were received; the current locations of all such funds; the disposition of any such funds including the date, amount, recipient and purpose of each disbursement; and the location, title and account numbers at any financial institution to which any such funds have been transferred;

C. All funds, investments, securities, real estate, and other assets with an original cost or present value of over $500, including, but not limited to, vehicles, jewelry, art, and computers held in the name or for the benefit of Defendant or Relief Defendant or in the names of any family member, entity, subsidiary, affiliate, or agent under their direct or indirect control, or in which they have or have had since **June 1, 2020**, a direct or indirect beneficial interest, stating a description and location of such assets;

D. Each account, including safe deposit boxes, with any bank, financial institution or brokerage firm, maintained in the names of Defendant or Relief Defendants or the names of any family member, entity, affiliate, or agent, or in which they have direct or indirect control or beneficial interest, or have or have had any direct or indirect beneficial interest since **June 1, 2020**;

E. All account statements for each account with any bank, financial institution or brokerage firm, maintained in the names of Defendant or Relief Defendants or the names of any family member, entity, affiliate, or agent, or in which they have direct or indirect control or beneficial interest, or have or have had any direct or indirect beneficial interest for the time period **June 1, 2020 through September 30, 2020**; and

F. Every transaction in which the ownership, direction and control of any funds over $500 or other assets of any kind with an original cost or present value of over $500 have been transferred, directly or indirectly, since **June 1, 2020** to or from Defendant or Relief Defendants or their agents.

## IV.

IT IS HEREBY FURTHER ORDERED that, the Defendant, Relief Defendants, and their officers, directors, successor corporations, subsidiaries, affiliates, trustees, family members, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them, are prohibited from destroying or altering records. Pending further order of the Court or resolution of this matter Defendant, Relief Defendants, and their officers, directors, successor corporations, subsidiaries, affiliates, trustees, family members, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are hereby restrained from destroying, mutilating, concealing, altering, or disposing of any document referring or relating in any manner to any transactions described in the Commission's Complaint in this action, or to any communications by or between the Defendant and Relief Defendants. As used in this order, "document" means the original and all non-identical copies (whether non-identical because of handwritten notation or otherwise) of all written or graphic matter, however produced, and any other tangible record, or electronic data compilation capable of reproduction in tangible form, including, without limitation, computer data, e-mail messages, correspondence, memoranda, minutes, telephone records, reports, studies, telexes, diaries, calendar entries, contracts, letters of agreement, and including any and all existing drafts of all documents.

## V.

IT IS HEREBY FURTHER ORDERED that the Commission's application for expedited discovery concerning Defendant and Relief Defendants, their assets, and their activities is granted and that, commencing with the time and date of this Order until resolution of the Order to Show Cause, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 33, 34, 36, and 45 of the Federal Rules of Civil Procedure, and Rule 30.1A of the Local Rules of this Court, discovery shall proceed as follows:

A. Pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, the parties may take depositions upon oral examination on **three days'** notice of any such deposition. Depositions shall be taken telephonically or by video conference. As to Defendant, Relief Defendants, and their officers, directors, subsidiaries, affiliates, family members, agents, servants, employees, owners, brokers, associates, and trustees, the Commission may depose such witnesses after serving a deposition notice by e-mail upon Defendant, and without serving a subpoena on such witness. Depositions that have not been signed by the witness may be used for purposes of any hearing on this order;

B. Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, the parties shall answer interrogatories within **three days** of service of such interrogatories. Interrogatories shall be served by e-mail upon the parties or their counsel;

C. Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, the parties shall produce all documents requested within **three days** of service of such request. Documents produced to the Commission shall be produced electronically as counsel for the Commission may direct in writing. Requests for production shall be served by e-mail upon the parties or their counsel;

D. All written responses to the Commission's requests for discovery under the Federal Rules of Civil Procedure shall be served by email on the Commission's counsel of record: AtkinsonP@SEC.gov; and

E. In connection with any discovery from any non-party, deposition or document discovery may be had within **five days** of service of a subpoena pursuant to Rule 45. Service of a subpoena shall be made by facsimile or e-mail.

## VI.

IT IS HEREBY FURTHER ORDERED that service of the Summons and Complaint, this Order, and all other papers and filings may be made upon Defendant, Relief Defendants, their counsel, or agents for service of process, by facsimile, mail, e-mail, delivery by commercial courier, or personally by any employee of the Securities and Exchange Commission who is not counsel of record in this matter, or special process server, or any other person, or in any other manner authorized by Rule 5 of the Federal Rules of Civil Procedure.

## VII.

IT IS HEREBY FURTHER ORDERED that the Defendant and Relief Defendants shall appear before this Court Via teleconference on September 25, 2020 at 3:00 PM of the United States District Court for the Southern District of New York, to show cause, if there be any, why this Court should not extend the asset freeze and document protection granted in this Order until a final adjudication on the merits may be had.

Defendant and Relief Defendants shall deliver any opposing papers in response to this Order to Show Cause by no later than September 23 2020, at 2:00 PM Service shall be made by emailing the papers to the Commission's counsel of record: AtkinsonP@SEC.gov. The Commission may have until September 25, 2020, at 12:00 PM to serve, by the most expeditious

9

means available, any reply papers upon the Defendant and Relief Defendants or their counsel, if counsel shall have made an appearance in this action.

### VIII.

IT IS HEREBY FURTHER ORDERED that the Court shall retain jurisdiction of this matter for all purposes.

SO ORDERED, this 17th day of September, 2020, at 5:06 PM.

*Paul A. Crotty*
_____
UNITED STATES DISTRICT JUDGE