

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
DENVER REGIONAL OFFICE
BYRON G. ROGERS FEDERAL BUILDING
1961 STOUT STREET, SUITE 1700
DENVER, COLORADO 80294-1961**

DIVISION OF
ENFORCEMENT

July 8, 2022

**VIA ECF**

The Honorable Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 14C
New York, NY 1007

      Re: *SEC v. Rogas, et al.*, Case No. 20-cv-7628 (PAC)

Dear Judge Crotty:

      Plaintiff United States Securities and Exchange Commission ("SEC") and Defendant Adam Rogas request that this Court order a partial lifting of the stay of this case in order to permit the SEC to issue a subpoena to Defendant Adam Rogas in furtherance of the SEC's attempt to effectuate the Court's prior orders requiring Defendant Rogas to repatriate funds obtained in violation of the asset freeze, and specifically funds that Silicon Valley Bank transferred to him as a result of an unintentional administrative error. The SEC has conferred with the U.S. Attorneys' Office for the Southern District of New York, which filed the motion to stay, *see* Doc. No. 45, and which does not object to this request.

      As background, in September 2020, following the filing of the SEC's complaint alleging Mr. Rogas defrauded his investors by forging bank statements and other documents to make it appear his company had significantly more assets than it did, the Court entered orders freezing approximately $35 million of Mr. Rogas's assets. Doc. Nos. 17, 21. Mr. Rogas was also criminally indicted for his conduct. *See U.S. v. Adam Rogas*, 20-cr-539. In February 2021, the Court granted the United States' motion to intervene and stay this matter, with the exception that the SEC be permitted to continue issuing subpoenas to financial institutions. Doc. No. 49.

      On January 7, 2022, the SEC and Defendant Rogas filed a letter informing the Court that Mr. Rogas had "violated the asset freeze in this case by spending or transferring approximately $1.7 million without the permission of this Court," including transferring nearly $1.2 million "into crypto currency investments," and "request[ed] that the Court order [Mr.] Rogas to deposit the remaining funds to the registry of the Court." Doc. No. 53; *see also* Doc. No. 55 (granting motion). A few weeks later, on January 20, 2022, Mr. Rogas filed a consented-to motion to permit use of certain accounts, including Mr. Rogas's account at Coinbase, "[t]o effectuate prompt transfer of the remaining funds to the registry of the Court." Doc. No. 57 at ¶ 4; *see also* Doc. No. 59 (granting motion).

The Honorable Paul A. Crotty
July 8, 2022

Following the granting of that motion, and after additional discussions between the parties and Coinbase, in early April 2022 the parties requested additional modifications to the asset freeze to lift the restrictions on Mr. Rogas's Coinbase accounts in order to "permit the transfer of the cryptocurrency assets from Mr. Rogas's personal cryptocurrency wallet to his Coinbase accounts, and then from the Coinbase accounts to the registry of the Court." Doc. No. 61 at ¶ 5; *see also* Doc. No. 62 (granting motion).

On May 25, 2022, the SEC and Mr. Rogas (along with Coinbase) had a call in which Mr. Rogas explained that many of his cryptocurrency assets were held in a form that could not simply be transferred to his Coinbase account, and specifically held in NFTs (or "non-fungible tokens"). Mr. Rogas represented that he would need to find buyers for these NFTs in order to liquidate them and transfer the proceeds to his Coinbase account, and then on to the Court's registry. On May 28, 2022, Mr. Rogas provided a listing of the NFTs that he currently holds. As of the date of this letter, Mr. Rogas has only transferred assets worth approximately $73,000 into his Coinbase account.

The SEC continues to analyze Mr. Rogas's cryptocurrency assets, including the NFTs. To that end, the SEC and Mr. Rogas request that the Court enter an order to partially lift the stay in this case to allow the SEC to issue a subpoena to Mr. Rogas for relevant information. *See* Proposed Subpoena, attached.[1]

*[handwritten: The requested order is granted and the stay is initially lifted as ordered.]*

7/13/2022

*[signature]*
USDJ

Respectfully submitted,
*s/ Nicholas P. Heinke*
Nicholas P. Heinke
Gregory A. Kasper
Attorneys for Plaintiff
U.S. Securities and Exchange Commission
1961 Stout Street, Suite 1700
Denver, CO 80294-1961
(303) 844-1071 (Heinke)
HeinkeN@sec.gov
KasperG@SEC.gov
*Counsel for U.S. Securities and Exchange Commission*

*s/ William M. Sullivan, Jr. (with permission)*
William M. Sullivan, Jr.
Thomas C. Hill (pro hac vice)
PILLSBURY WINTHROP SHAW PITTMAN LLP
1200 Seventeenth Street, N.W.
Washington, D.C. 20036
Tel: (202) 663-8027

---

[1] The SEC is also issuing a subpoena to Coinbase for additional records relevant to this issue. Given that the Court's stay order permits the SEC to issue subpoenas to financial institutions, the SEC does not believe that the stay order needs to be modified to allow for the issuance of the Coinbase subpoena.