UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION**<br><br>Plaintiff<br><br>v.<br><br>**ADAM P. ROGAS**<br><br>and<br><br>**PAUL G. KOROL**<br><br>Defendants<br><br>and<br><br>**NS8 FP, LLC**, *et al*.<br><br>Relief Defendants. | **Civil Action No. 20-cv-7628-RBM** |

**NOTICE OF MR. ROGAS'S CROSS-MOTION SEEKING CONFIRMATION THAT THE COURT'S ASSET FREEZE ORDER DOES NOT APPLY TO PILLSBURY'S ADVANCE PAYMENT RETAINER ACQUIRED PRIOR TO ENTRY OF THE ORDER**

PLEASE TAKE NOTICE that, pursuant to Rule 7.1 of the Local Civil Rules of this Court, this Court's Individual Practice, points addressed with the Court during the April 10, 2024, conference, and the terms of the Court's April 15 and May 8, 2024 orders (Dkt. 173, 188), Defendant Adam P. Rogas, through undersigned counsel, shall move this Court, before the Honorable Richard M. Berman, at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Room 17B, New York, New York 10007, on a date and time to be determined by the Court, to enter an order confirming that the Court's September 17 and 24, 2020 asset freeze order (Dkt. 17, 21) does not apply to certain assets.

In particular, Mr. Rogas asks the Court to enter an order confirming that the asset freeze

order does not apply to the $4,000,000 payment made by Mr. Rogas directly to the operating account of Pillsbury Winthrop Shaw Pittman LL ("Pillsbury") on September 9, 2020, prior to the entry of the asset freeze (Dkt. 17, 21) for the purpose of securing Pillsbury's representation and paying in advance for the legal services Mr. Rogas expected Pillsbury would be providing (the "Retainer"). That is, because, as set forth fully in Mr. Rogas's accompanying memorandum of law, the Retainer constitutes an advance payment retainer under New York law. Accordingly, it became Pillsbury's property the moment the Retainer was paid into Pillsbury's operating account, on September 9, 2020, which was eight days before the freeze order was entered. Thus, the Retainer remained clearly and unambiguously outside of the scope of the freeze. Equitable and policy considerations further support this conclusion.

For these reasons, Mr. Rogas's cross-motion should be granted, and the Securities and Exchange Commission's pending motion to compel (Dkt. 186) should be denied.

Dated: May 17, 2024                                     Respectfully submitted,


                                                          */s/ William M. Sullivan, Jr.*
William M. Sullivan, Jr.
David G. Keyko
Thomas C. Hill (admitted *pro hac vice*)
David Oliwenstein
Tel: (202) 663-8027
Fax: (202) 663-8007
wsullivan@pillsburylaw.com
david.keyko@pillsburylaw.com
thomas.hill@pillsburylaw.com
david.oliwenstein@pillsburylaw.com

*Counsel for Defendant Adam Rogas and Relief Defendants NS8 FP, LLC, 2020 MVP, LLC and Rogassi Enterprises, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 17, 2024, a true and correct copy of the foregoing Notice of Cross-Motion, as well as the supporting memorandum of law, proposed order, declaration of William M. Sullivan, Jr., and exhibits thereto were filed with the Court using the CM/ECF system, which serves all counsel of record.

*/s/ William M. Sullivan, Jr.*
William M. Sullivan, Jr.